UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AT&T SERVICES, INC.<br>and DIRECTV, LLC,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MAX RETRANS LLC,<br><br>    Defendant. | Case No. 4:19-CV-01925-NCC |

## **MEMORANDUM AND ORDER**

This matter is before the Court for the purposes of case management. Currently before the Court are the parties' motions for leave to file various documents under seal (Docs. 21, 26, 29, 35). In each instance, the responsible party also filed a redacted version of the sealed document. The parties' requests largely rely on the Court's determination to grant Plaintiffs' motion for leave to file their complaint under seal. In this initial request, Plaintiffs asserted that the redacted matters in the complaint included information of great commercial sensitivity or may be subject to confidentiality obligations. However, upon review of the Notice of Supplemental Authority filed by Plaintiffs, the Court determined that much of the previously redacted information has now been publicly disclosed and that it could not find good cause to seal these documents based on the prior representations of Plaintiffs. Therefore, the Court vacated its prior order granting Plaintiffs' motion or leave to file their complaint under seal and directed Plaintiffs to show cause why the complaint should not be unsealed. The Court further directed Plaintiffs to file an updated redacted complaint and provide the Court with particularized good cause for each portion of the complaint for which they continue to seek redaction if Plaintiffs were to seek continued sealing of the complaint (Doc. 39).

Plaintiffs timely responded to the Court's Order and filed an updated redacted complaint (Docs. 40-1, 42). Plaintiffs indicate that that they no longer seek to maintain under seal several pieces of information previously redacted based on information publicly revealed in the supplemental authority (Doc. 42 at 1). However, Plaintiffs request the continued sealing of a number of items because they are competitively sensitive or disclosure would violate Plaintiffs' contractual obligations (Doc. 42). Plaintiffs provide specific explanations for each of their requests (Doc. 42). In support of their response, Plaintiffs filed the Declaration of Linda Burakoff, Vice President, Content & Programming for AT&T Mobility and Entertainment Group (Doc. 42-1). Plaintiffs also indicate that Defendant concurs that confidential information of the non-party station groups should not be released (Doc. 42).

Pursuant to Local Rule 13.05(A)(1), upon a showing of good cause, the Court may order that documents filed in a civil case be received and maintained by the Court under seal. In determining whether good cause exists, the Court must balance the interests of the party seeking the document's sealing with the public's common-law right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *Id.* (citation omitted). The right also allows citizens to keep a vigilant eye on the functioning of public agencies and provides a gauge of accountability to the public at large. *Id.* (citations and internal quotations omitted). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that inference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at

1223.  "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.*

In weighing the competing interests, the Court finds good cause to grant Plaintiffs' revised request for sealing.  As a preliminary matter, the documents at issue here are judicial records to which a common law right of access attaches.  *Id.* at 1222-23.  The parties' interest in the nondisclosure of the non-party station group, confidential information regarding the Retransmission Consent Agreements and the parties' negotiations, and Plaintiffs' rate information outweighs the public's interest in access to this specific information.  Plaintiffs have diligently and thoroughly supported the sealing of each nondisclosed line of the complaint and properly provided a revised redacted complaint to afford significant access to the public to the underlying facts of the case.  As such, the Court will grant the Motion for Leave to File Under Seal Plaintiff's Response to the Court's Order to Show Cause (Doc. 41) in its entirety and grant, in part and deny, in part the remaining motions for leave to file various documents under seal (Docs. 5, 21, 26, 29, 35) in accordance with Plaintiffs' current request and updated redacted complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Under Seal Plaintiff's Response to the Court's Order to Show Cause (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining motions for leave to file under seal (Docs. 5, 21, 26, 29, 35) are **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket Plaintiffs' updated Redacted Civil Complaint, attached as an exhibit to the Plaintiffs' Response to the Court's Order to Show Cause (Doc. 40-1).

**IT IS FURTHER ORDERED** that the parties shall file updated redacted filings as to Defendant's Motion to Dismiss within fourteen (14) days in accordance with this order and the updated Redacted Civil Complaint. The operative briefing will remain the sealed, unredacted corresponding documents.

Dated this 31st day of December, 2019.

                                                  /s/ Noelle C. Collins
                                                  NOELLE C. COLLINS
                                                  UNITED STATES MAGISTRATE JUDGE